# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GREGORY STREETER, | * | Unpublished |
| | * | |
| Petitioner, | * | No. 20-1939V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Kimberly Johnson,* Sabbeth Law, White River Junction, VT, for petitioner.
*Darryl R. Wishard,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On June 16, 2023, Gregory Streeter ("petitioner") filed a motion for final attorneys' fees and costs. Petitioner ("Pet.") Fees Motion ("Fees App."). For the reasons discussed below, I **GRANT** petitioner's motion for final attorneys' fees and costs and award a total of $15,421.08.

### I.  Procedural History

On December 22, 2020, petitioner a claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioner alleged that as a result of receiving the influenza vaccine on November 19, 2019, he suffered from transverse myelitis. Petition (ECF No. 1). The petition was accompanied by medical records. *See* Pet. Exhibits ("Exs.") 2-9.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 18, 2022, respondent file a stipulation, which I adopted as my decision awarding compensation to the petitioner on the same day.  (ECF No. 37).

On June 16, 2023, petitioner filed this motion for final attorneys' fees and costs.  Fees App. (ECF No. 45).  Petitioner is requesting $12,139.50 in attorneys' fees and $7,848.08 in attorneys' costs.  On June 20, 2023, respondent file a response to petitioner's motion, stating that he "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case," and that the special master should exercise his discretion to determine a reasonable award for attorneys' fees and costs.  Resp. Response at 3 (ECF No. 46).

Petitioner did not file a reply.  This matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Attorneys' fees

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez*, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. *Id.* at *8.

Here, petitioner is requesting that counsel, Ms. Kimberly Johnson, be awarded an hourly rate of $250.00 for work performed in 2021, $260.00 for work performed in 2022 and $275.00 for work performed in 2023.  Fees App. Exhibit 1.  Ms. Johnson was barred in 2021 and the

same year was accepted into the Court of Federal Claims bar. She has worked on a limited number of vaccine cases. In previous attorneys' fees decisions, Ms. Johnson's rates were found to be high given her legal experience and inexperience in the Vaccine Program, and were reduced to $180.00 per hour for work completed in 2021, $200.00 per hour for work completed in 2022, and $230.00 for work completed in 2023. *See Williams v. Sec'y of Health & Human Servs.,* No. 19-1269V, 2024 WL 1253768 (Fed. Cl. Spec. Mstr. Feb. 28, 2024). The rates awarded in *Williams* is consistent with the rates other attorneys barred in 2021 have been awarded. *See e.g. Torres v. Sec'y of Health & Human Servs.,* No. 21-1356V, 2023 WL 9177302, at * 3 (Fed. Cl. Spec. Mstr. Dec. 19, 2023); *Carre v. Sec'y of Health & Human Servs.,* No. 20-1613V, 2023 WL 2645840, at *2 (Fed. Cl. Spec. Mstr. Mar. 27, 2023).

Given Ms. Johnson's limited experience in the Vaccine Program and limited legal experience, I will reduce the requested hourly rates to commensurate with her experience as a licensed attorney. As such, Ms. Johnson's hourly rate is hereby reduced to be consistent with the hourly rates awarded in *Williams*. **This results in a reduction of $4,002.50.**

b.  Hours expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxon*, 3 F.3d at 1521 (quoting, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

After reviewing the billing log, I have determined that the time billed to be reasonable, given that this case was resolved informally.

c.  Attorneys' costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 26, 34 (1992). Petitioner is requesting a total of $7,848.00 in attorneys' costs. Fees App. Exhibit 3. The costs associated with the filing fee, obtaining medical records, and postage are reasonable.

The majority of the costs, $7,099.20, are associated with the retention of April Pettengill, a life care planner. According to the invoices, there was a retainer fee of $1,500.00 paid to Medical & Life Care Consulting Services and then additional charges associated with a site visit to the petitioner, a review of medical records, and preparing the report. Fees App. Ex. 3 at 2-3. As the stipulation provided for a life care plan, the retention of a life care planner appears to be reasonable. However, Ms. Pettengill charged her full rate for travel time of $200.00 per hour, which warrants a reduction. In the Vaccine Program, special masters traditionally compensate time spent traveling when no other work was being performed at one-half an attorneys' hourly

rate. *See Hocraffer v. Sec'y of Health & Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mster. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009). As experts are held to the same reasonableness standards for their fees as attorneys, the I find that a reduction for the hours billed for travel by 50 percent, reducing the costs to be awarded by $200.00. *See Debreczenyi v. Sec'y of Health & Human Servs.,* No. 19-0721, 2023 WL 4931268 (Fed. Cl. Spec. Mstr. Jul. 21, 2023).

### III.  Conclusion

Based on the above, I find that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $12,139.50 |
| (Reduction of Attorneys' Fees) | (-$4,002.50) |
| **Total Attorneys' Fees Awarded** | **$8,137.00** |
| | |
| Attorneys' Costs Requested | $7,484.08 |
| (Reduction of Attorneys' Costs) | (-$200.00) |
| **Total Attorneys' Costs Awarded** | **$7,284.08** |
| | |
| **Total Attorneys' Fees and Costs** | $15,421.08 |

In accordance with the above, petitioner is awarded the following in final attorneys' fees and costs:

1) **A lump sum in the amount of $15,421.08, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Kimberly Johnson at Sabbeth Law.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

4